# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 11-727V
## (Not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |
|---|---|
| JOYCE DIXON-ROBINSON, | * |
| Petitioner, | * |
| v. | * |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * |
| Respondent. | * |

Filed: September 16, 2014

Decision by Stipulation; Damages;
Influenza ("Flu") Vaccine;
Guillian-Barre Syndrome ("GBS")

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Jerome A. Konkel*, Samster, Konkel & Safran, S.C., Milwaukee, WI, for Petitioner.

*Ryan Daniel Pyles*, U.S. Dep't of Justice, Washington, D.C., for Respondent.

## DECISION AWARDING DAMAGES[1]

On November 2, 2011, Joyce Dixon-Robinson filed a petition seeking compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleges that as a result of receiving the influenza ("flu") vaccine on November 5, 2008, she developed Guillian-Barre syndrome ("GBS") and subsequent disability.

---

[1] Because this ruling contains a reasoned explanation for my action in this case, it will be posted on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the inclusion of certain kinds of confidential information. To do so, Vaccine Rule 18(b) provides that each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the ruling will be available to the public. *Id.*

[2] The National Vaccine Injury Compensation Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended, 42 U.S.C.A. § 300aa-10 – 34 (2006)) [hereinafter "Vaccine Act" or "the Act"]. Individual sections references hereafter will be to § 300aa of the Act.

Respondent denies that Petitioner's alleged injury and/or any other injuries were caused by her receipt of the flu vaccine. Moreover, Respondent denies that the flu vaccine caused Petitioner's current disabilities. Nonetheless both parties, while maintaining their above-stated positions, agreed in a stipulation filed September 16, 2014, that the issues before them can be settled and that a decision should be entered awarding Petitioner compensation.

I have reviewed the file, and based upon that review, I conclude that the parties' stipulation is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The stipulation awards:

- A lump sum of $5,950.52, for reimbursement of a State of Wisconsin Medicaid lien. The award shall be in the form of a check payable jointly to Petitioner and Optum (75 Remittance Drive, Suite 6019; Chicago, IL 60675-6019; ATTN: Mr. Oleg Galper / Case No. 13005565). Petitioner agrees to endorse this payment to Optum;

- A lump sum of $15,518.34, for reimbursement of a second State of Wisconsin Medicaid lien. The award shall be in the form of a check payable jointly to Petitioner and the Wisconsin Department of Health Services (5615 High Point Drive, Suite 100; Irving, TX 75038 9984; Attention: Ms. Kirah Shirk / Case No. 158125). Petitioner agrees to endorse this payment to the Wisconsin Department of Health Services; and

- A lump sum of $170,000.00 in the form of a check payable to Petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

Stipulation ¶ 8.

I approve a Vaccine Program award in the requested amounts set forth above to be made to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

JOYCE DIXON-ROBINSON,                    )
                                         )
            Petitioner,                  )
                                         )
v.                                       )   No. 11-727V
                                         )   Special Master Brian H. Corcoran
SECRETARY OF HEALTH AND                  )
HUMAN SERVICES                           )
                                         )
            Respondent.                  )
_____)

## STIPULATION

The parties hereby stipulate to the following matters:

1. Petitioner filed a petition for vaccine compensation under the National Vaccine Injury
Compensation Program, 42 U.S.C. §300aa-10 to 34 (the "Vaccine Program"). The petition seeks
compensation for injuries allegedly related to petitioner's receipt of the trivalent influenza ("flu")
vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R.
§ 100.3 (a).

2. Petitioner received her flu vaccination on or about November 5, 2008.

3. The vaccine was administered within the United States.

4. Petitioner alleges that the flu vaccine caused her to develop Guillain-Barré Syndrome
("GBS") and that she experienced the residual effects of this injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action
for damages as a result of her condition.

6. Respondent denies that petitioner suffered GBS or any other injury that was caused by
her flu vaccination. Respondent further denies that the flu vaccine caused petitioner's current
disabilities.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the

issues between them shall be settled and that a decision should be entered awarding the

compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with

the terms of this Stipulation, and after petitioner has filed an election to receive compensation

pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue

the following vaccine compensation payments:

a. A lump sum of $5,950.52, for reimbursement of a State of Wisconsin Medicaid lien.
The award shall be in the form of a check payable jointly to petitioner and

Optum
75 Remittance Drive, Suite 6019
Chicago, IL 60675-6019
ATTN: Mr. Oleg Galper/Case No. 13005565.

Petitioner agrees to endorse this payment to Optum;

b. A lump sum of $15,518.34, for reimbursement of a second State of Wisconsin
Medicaid lien. The award shall be in the form of a check payable jointly to petitioner and

Wisconsin Department of Health Services
5615 High Point Drive, Suite 100
Irving, TX 75038 9984
Attention: Ms. Kirah Shirk/Case No. 158125.

Petitioner agrees to endorse this payment to the Wisconsin Department of Health
Services; and

c. A lump sum of $170,000.00 in the form of a check payable to petitioner. This
amount represents all remaining compensation for damages that would be available
under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after

petitioner has filed both a proper and timely election to receive compensation pursuant to 42

U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before

2

the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. Payments made pursuant to paragraph 8 of this Stipulation, and any amounts awarded pursuant to paragraph 9, will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees, litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. In return for the payment described in paragraph 8, and any amount awarded pursuant to paragraph 9, petitioner, in her individual capacity and on behalf of her heirs, executors, administrators, successors and/or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq.,

3

on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccination administered on November 5, 2008, as alleged by petitioner in a petition for vaccine compensation filed on or about November 2, 2011, in the United States Court of Federal Claims as petition No. 11-727V.

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused petitioner's alleged GBS or any other injury.

4

18. All rights and obligations of petitioner hereunder shall apply equally to petitioner's

heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

/
/
/
/
/
/
/
/
/
/
/
/
//
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/

Respectfully submitted,

**PETITIONER:**

*Joyce Dixon-Robinson*

JOYCE DIXON-ROBINSON.

**ATTORNEY OF RECORD FOR PETITIONER:**

JEROME A. KONKEL, ESQ.
Samster, Konkel & Safran, S.C.
1110 N. Old World Third Street
Suite 405
Milwaukee, WI 53203
Tel: (414) 224-0400

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

A. MELISSA HOUSTON, M.D., FAAP
Acting Director, Division of
Vaccine Injury Compensation (DVIC)
Acting Director, Countermeasures Injury
Compensation Program (CICP)
Healthcare Systems Bureau
U.S. Department of Health and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

Dated: 9/16/14

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**ATTORNEY OF RECORD FOR RESPONDENT:**

TARA J. KILFOYLE
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 514-9729

6